## ° J. J. & G. W. ERWIN vs. J. T. BLANKS.

SUPREME COURT, GALVESTON TERM, 1883.

*Trial of the right of property levied upon under attachment—Jurisdiction of the district court.* Section 8 of article 5 of the State constitution confers upon the district court jurisdiction of all suits for the trial of the right of property levied upon by virtue of any writ of execution, sequestration or attachment, when the property levied on shall equal to, or exceed in value, $500. Articles 1117 and 1164, Revised Statutes, are to the same effect.

*Same.* Section 16 of the same article which provides that the county court shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest. This provision is general in its character, and includes suits for the trial of the right of property as well as any others of a civil nature, and standing alone would give exctusive jurisdiction to the county courts, in cases of this character, when the amount involved does not exceed $500, but in such a state of conflict, must be held to yield to the special provision embraced in section 8. See the opinion in extenso on the question.

*Constitutionality of the Statute.* Article 4831 of the Revised Statutes requires the officer levying the writ upon the property in dispute, shall return it together with the affidavit and claim bond into the county court, if the value of the property seized is more than $200, and does not exceed $500. *Held*, that said article 4831 is unconstitutional and void, because, if regarded as an attempt to enact a law in accordance with the constitution fixing the jurisdiction of county courts in such matters, it is in conflict with it; and if regarded as an attempt under the 22nd section of article 5 to increase the jurisdiction of the county court beyond the limit affixed by organic law, it is inoperative because of no corresponding change in the jurisdiction of the district court.

*Practice.* A mortgagee out of possession cannot assert his claim to property levied on under attachment, in the manner preseribed by statute for the trial of the rights of property And even if he be entitled to possessitn, his proper remedy is by a proceeding in equity. See the opinion in extenso for the rule discussed, and for a state of case wherein the mortgagee of property had no right to enforce his claim in a trial of the right of property.

Appeal from Hays County.

*J. H. Stewart* for the appellants.

*Sheeks* & *Sneed* for appellee.

Opinion by Willie, C. J.

A motion has been filed by the appellee to dismiss this appeal on the ground that the court below has no jurisdiction of the cause. It is a suit for the trial of right to property levied on under attachment, and valued at $500, and it is claimed that in such cases the county, and not the district court, have jurisdiction of the cause. The provisions of our State constitution, as well as those of the re-

vised statu es, are somewhat in conflict upon this subject. By the 8th section of the 5th article of the constitution, jurisdiction is given to the district courts of all suits for trial of right of property levied upon by virtue of any writ of execution, sequestration or attachment, when the property levied on shall be equal to or exceed in value five hundred dollars. This clause, considered by itself, clearly gives to the district court jurisdiction of just such a suit as the one under consideration, but it is said that this grant of jurisdiction is controlled by the 16th section of the same article which provides as follows : "That the county court shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value two hundred dollars, and not exceed five hundred dollars, exclusive of interest. This provision is of a general character and includes within its terms as well as suits for the trial of right to property as any others of a civil nature. Standing alone, it would give exclusive jurisdiction of suits like the present, where the value of the property levied on did not exceed five hundred, to the county courts. In such a state of conflict the rules of construction require that the general shall yield to the special provision, i. e. that the one, which in the present case regulates the special subject of trials of the right of property, shall prevail over that which regulates a larger class to which such suits are embraced. Warren vs. Sherman, 5 Texas, 442; Sedgw. on Cons., and State Law, 242; Vatlet's Rules of Construction, No. 8. The power to hear and determine causes, etc., like the present, involving property of exactly $500 in value, having been given to the district courts in express words by the constitution, it could not have been the intention of the makers of that instrument to take away this form in the same article and in a section following almost immediately upon the one which contained the grant. Their intention would rather seem to have been to give the county courts exclusive jurisdiction of all suits where not more than $500, was involved, reserving to the district courts jurisdiction of such particular suits of this general class as had already been conferred upon them in the previous section. This would in effect engraft an exception upon the general jurisdiction given to the county court in such matters, granting them exclusive jurisdiction over all suits when not less than $200 and not more than $500, should be in controversy with the proviso, that the district courts should have jurisdiction in suits for the trial of the right of property of the value of $500, or

above that amount. This we deem to be the true construction to be placed upon these two conflicting clauses of our State constitution.

Passing to the revised statutes we find that they provide that the district courts shall have jurisdiction of such suits where the property levied on is of the value of $500, and that no such jurisdiction shall be exercised by the county courts, Arts. 1117, 1164. Whether these enactments are to be viewed as laws passed in accordance with the construction we have placed upon the clauses above cited, or as an effort on the part of the Legislature to diminish the jurisdiction of the county courts and increase that of the district courts accordingly, they effectively, as far as was in their power so to do, grant the right to hear and determine such suits, to the district courts and not to the county courts. Not so with article 4831 of the same code which provides that the officer levying the writ upon the property in dispute, shall return it, together with the affidavit and claimbond into the county court, if the value of the property seized is more than $200, and does not exceed $500. If this is to be regarded as an attempt to enact a law in accordance with the constitution fixing the jurisdiction of the county court, in such matters, then, according to the construction we have given that instrument, the law is in conflict with it and void. If regarded as an attempt under the 22nd section of article 5, to increase the jurisdiction of the county court beyond the limits placed upon it by organic law, it cannot be sustained, because there is no provision making a corresponding change in the jurisdiction of the district court. We do not think that the 22nd section of the 5th article of the constitution intended that the mere statute grant to the county courts of a power beyond that which they were authorized under the constitution to exercise, was to be construed as a lawful increase of the jurisdiction of such courts. If so, no matter what jurisdiction might be given by the legislature to these courts, the statute would be upheld. If they were authorized to try land suits, or indictments for felonies or controversies involving property without limit as to value, we could not, under such construction of that section, say that the grant of power was not lawfully given, though directly contrary to the State constitution. It was doubtless intended that the jurisdiction should be prescribed for the county court, and provision should be made at the same time giving to the district court the power which had been withdrawn from the county court, or depriving the

district court of those which have been conferred upon the latter. We are of the opinion that the 8th section of the 5th article of the constitution conferred upon the district courts jurisdiction of causes like the present, and that it was entirely excepted out of the jurisdiction granted to county courts in the 17th section of the same article. We are further of the opinion that articles 1117 and 1164 of the Revised Statutes are in accordance with a true construction of these sections of the constitution. and that so much of article 4831 Revised Statutes as attempts to confer such jurisdiction upon the courts in cases when the property seized under attachment or other similar suits is of the value of $500 is inoperative and void. Hence we conclude that the district court of Hays county had jurisdiction of the present action, and the motion to dismiss must be overruled. This conclusion, it may be added, is in full accord with that arrived at by the Court of Appeals in deciding upon the same question in the case of Nave, Goddard & Co. vs. Frieberg, Kline & Co. at Austin, April 20, 1881.

It will be necessary to consider only one other question presented by the record, and that is as to the right of the appellee to assert his claim to the property in this form of action. The sale of the sheep to Blank under his mortgage took place on the same day upon which the attachment was levied upon them which occurred first, the levy or the sale, is not shown by the records. As the sheep were taken from the possession of one of the defendants in attachment, and the burden of the proof being upon the claimant, and he did not allege or prove that he purchased under his mortgage before the levy took place, we must conclude that the latter act was first in point of time. The question then arises : "Can a mortgagee, out of possession, assert his claim to property levied on under attachment, in the manner prescribed by statute for trial of the right of property ?"

This question has been answered in the negative by frequent decisions of this court rendered prior to the adoption of the Rev. Stats. Wootten vs. Wheeler, 22 Texas, 338; Wright vs. Henderson, 12 Texas, 43; Allen vs. Russell, 19 Texas, 87. And even when the mortgagee is entitled to possession it has been suggested that his proper remedy is a proceeding in equity to establish his right or interest in the property. Belt vs. Raguet, 27, Texas, 471.

Article 2296 Revised Statutes gives the plaintiff in execution a

right to have his writ levied upon the mortgaged property, and have the same sold subject to the lien of the mortgage. It also prescribes the terms upon which the purchaser at sheriff's sale may obtain possession of the property when it was in the hands of the lien holder at the time of the purchase, viz : By complying with the condition of the pledge, assignment, or mortgage. If the property is rightfully in possession of the defendant in attachment or execution at the time of the levy, and belongs to him subject to the lien of another party, the officer must take it into possession, and if he sells it under process the title passes to the purchaser subject to the lien, provided, of course, that this lien be of a character to be enforced against such purchasers. In the former case the lien holder, not being deprived of possession if the levy is properly made, there is no necessity for him to resort to a suit like the present to keep possession and estabish his title to the property. Should the officer actually deprive him of possession, of course the present remedy would be an appropriate one, as was held in Osborn vs. Koenigham, 57 Texas, 91. But if the levy is properly made by giving him notice as prescribed by law, his possession remains, and the purchaser must be the actor in depriving him of it by redeeming the property from his lien. But in case the statute of possession by a defendant leaves the lien holder to the same remedies as it was held he possessed before its passage being out of possesion and the property being sold subject to his lien, he must proceed to enforce that lien against the purchaser at sheriff's sale, and cannot lay claim to it in a suit for a trial of the right to property. In this case the sheep were taken under the levy from the possession of one of the defendants in attachment, which possession was rightful so far as the record shows, and before the mortgage had been foreclosed, and in our opinion the appellee had no power to enforce his rights as mortgagee in this form of action. This objection going to the foundation of the action, the judgment is reversed and the cause dismissed.