SPAULDING MFG. CO. v. TRAMMEL et al.
(No. 1529.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1915.)

COURTS ⬳247—JURISDICTION—COURT OF CIVIL APPEALS—AMOUNT INVOLVED.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1589, authorizing an appeal from the county court to the Court of Civil Appeals only where the amount exceeds $100 exclusive of in-

terest and costs, an appeal by plaintiff from a judgment in the county court for a party claiming a bale of cotton levied on under attachment, and worth $48, was unauthorized, though the action, which was brought against claimant's husband, was to recover $124 on a note.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 757; Dec. Dig. ⬳247.]

Appeal from Shelby County Court; Hoya B. Short, Judge.

Action by the Spaulding Manufacturing Company against G. I. Trammel, in which Mrs. G. I. Trammel intervened as a claimant of property attached. From judgment for claimant in the county court on appeal from justice court, plaintiff appeals. Appeal dismissed.

K. W. Stephenson, of Center, for appellant. S. H. Sanders, of Center, for appellee.

WILLSON, C. J. Appellant sued appellee G. I. Trammel, seeking a recovery against him of $124, alleged to be due it on a promissory note made by him, and, having procured the issuance of a writ of attachment out of a justice court, caused it to be levied on a bale of lint cotton of the value of $48. Appellee Mrs. G. I. Trammel, wife of said G. I. Trammel, claimed that the bale of cotton belonged to her as a part of her separate estate, and presented to the officer who levied the writ on it an affidavit and claim bond, entitling her to a trial of the right of property in the cotton as between her and appellant. In the justice court, and also in the county court, on an appeal thereto prosecuted by appellant, judgment was rendered in her favor for the cotton. This appeal is from the judgment rendered by the last court mentioned.

We are of opinion appellee's motion to dismiss the appeal, on the ground that this court has not power to hear and determine it, should be sustained. The jurisdiction of this court does not extend to cases "of which the county court has appellate jurisdiction, when the judgment, or amount in controversy, or the judgment rendered," does not exceed $100, exclusive of interest and costs. Article 1589, Vernon's Statutes. The "amount in controversy" in the trial of the right of property suit was the value of the bale of cotton, to wit, $48. Erwin v. Blanks, 60 Tex. 583; Harris v. Hood, 1 White & W. Civ. Cas. Ct. App. § 573. The judgment appealed from was for that bale of cotton.

The motion will be granted, and the appeal dismissed.