Marvin THOMAS, Administrator,
Appellant,

v.

Thomas L. WHALEY et ux., Appellees.

No. 8503.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 13, 1977.

Rehearing Denied Feb. 7, 1978.

R. Gilbert Shivers, Jefferson, for appellant.

Ernest F. Smith, Marshall, Philip Brin, Longview, for appellees.

RAY, Justice.

This is a trespass to try title case. Appellant (plaintiff), Marvin Thomas, administrator of the Estate of Richard M. Harris, Deceased, brought suit against Thomas L. Whaley and wife, Patricia Pope Whaley, seeking to set aside and cancel a deed from Louise A. Iliff, Guardian of the Person and Estate of Richard Murray Harris, to Thomas L. Whaley and wife, Patricia Pope Whaley. As grounds for appellant's suit, it was alleged that the application seeking the appointment of a guardian for Richard Murray Harris was not sufficient to cause the County Court of Harrison County to exercise its jurisdiction to make the appointment of a guardian. Trial was had in the District Court of Harrison County without a jury. Judgment was rendered in favor of the Whaleys. Appellant has perfected his appeal and submits one point of error for our consideration.

The point of error is as follows:

"The district court erred in not finding that title was still in the estate of the deceased, because the application for guardianship, stating only that he 'has been seriously ill', was insufficient to show that he was either incompetent or of unsound mind, Probate Code, Sec. 3(p), (y)."

The record reflects that James S. Harris was married twice and that two sons, James Harris, Jr., also known as James W. Harris, and Richard Murray Harris, were children by his first marriage and that Penelope Harris Jones is the only child of his second marriage. The property involved in this suit was devised to Richard Murray Harris under provisions of the will of his father, James S. Harris, Deceased. The record further reflects that on February 20, 1974, at a time when Richard Murray Harris was 48 years of age, his mother, Louise A. Iliff, filed an application for Letters of Guardianship of the person and estate of Richard Murray Harris alleging that her son had been seriously ill and was incapable of managing his property and financial affairs. On the same date, citation was issued to all persons interested in the welfare of the person and estate of Richard Murray Harris, *a person of unsound mind*, to appear and contest the application should they so desire. The record does not reflect any contest or any exceptions having been filed which complained of the allegations in the application for the guardianship. Subsequently, Mrs. Iliff qualified as the guardian and made application to sell the properties of Richard Murray Harris to the Whaleys. The necessary procedural steps were taken and the property was sold at private sale to the Whaleys; the County Court confirmed the sale and the guardian executed a guardian's deed to the Whaleys on April 5, 1974.

On March 8, 1976, Marvin Thomas instituted the present proceeding, alleging himself to be the administrator of the Estate of Richard M. Harris, Deceased. While there is no proof in the record that Richard Murray Harris is deceased and that Marvin Thomas has been appointed the administrator of his estate, no complaint regarding these matters has been made by appellees.

In the District Court it was stipulated that James S. Harris was the common source of title. Appellant proceeded to introduce the records of the County Court of Harrison County relating to the guardianship of Richard Murray Harris and sought to show that the County Court did not have jurisdiction to appoint Mrs. Iliff as guardian of the person and estate of her son because the application for guardianship did not allege that her son was mentally incompetent. The application stated that: "The said Richard Murray Harris has been seriously ill and is incapable of managing his property and his financial affairs." Section 4 of the Texas Probate Code gives county courts jurisdiction to appoint guardians of minors and incompetents. Section 3 of the Texas Probate Code defines incompetents and persons of unsound mind as follows:

"(p) 'Incompetents' or 'Incompetent persons' are person non compos mentis, idiots, lunatics, insane persons, common or habitual drunkards, and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs."

Section 3(y) of the Texas Probate Code provides:

"Persons of unsound mind" are persons non compos mentis, idiots, lunatics, insane persons, and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs."

In *Thomas v. Iliff*, 524 S.W.2d 568 (Tex. Civ.App.Texarkana 1975, no writ), Appellant Thomas and Penelope Harris Jones tried unsuccessfully to overturn and set aside, by direct attack through writ of error, the sale of the realty from the guardian to the Whaleys. This Court refused to exercise its jurisdiction because the petition for writ of error failed to name Patricia Pope Whaley and the surety on the guardian's bond as adverse parties. Appellant's petition for writ of error was dismissed.

In the present case, appellant seeks to collaterally attack the judgment of the county court appointing a guardian for Richard Murray Harris by questioning the validity of such appointment in appellant's trespass to try title action.

■ The issue is narrowed to the question of whether or not it was mandatory that the application for guardianship state the magic words that Richard Murray Harris was "mentally incompetent" or "a per-

son of unsound mind." Allegations in a petition made in good faith are ordinarily determinative of whether the claim is justiciable by the court whose jurisdiction is sought to be invoked. 45 Tex.Jur.2d, Pleading, Sec. 38, p. 435; *Brannon v. Pacific Employers Ins. Co.*, 148 Tex. 289, 224 S.W.2d 466, 469 (1949). Jurisdiction, as the duty and power of the court to act, however, does not depend on the petition that states the cause of action. The duty and power to act is that conferred upon the court by the Texas Constitution and the statutory enactments thereunder. The gravamen of jurisdiction lies not in the pleading but in the existence of the facts necessary for the court to exercise its jurisdiction. Jurisdiction of the proceedings to appoint guardians is conferred upon county and probate courts by the Texas Probate Code, and in particular, Sec. 4 and Sec. 184, et seq.

■ Citation was issued and served as to all persons interested in the welfare of the person and estate of Richard Murray Harris, a person of unsound mind, and Richard Murray Harris was served with personal citation. The proceedings were not contested and no exceptions were taken to the pleadings, though Richard Murray Harris and any other person interested in the proceedings could have appeared and filed an exception. The petition might have been subject to an exception for lack of specificity, but in the absence of such an exception, it was sufficient for the county court to exercise its jurisdiction. Tex.R.Civ.P. 45 and 90; *Northrup v. O'Brien*, 474 S.W.2d 614, 617 (Tex.Civ.App.Dallas 1971, no writ); 22 Texas L.Rev. 504 (1944); 2 McDonald's, Texas Civil Practice, Sec. 5.18, pp. 48, 54.

■ The record reflects that Louise A. Iliff filed an application for appointment as guardian of the person and estate of Richard Murray Harris alleging that a necessity existed for such appointment and that Richard had been seriously ill and was incapable of managing his property and financial affairs. The County Court of Harrison County is a court of record of general jurisdiction over matters relating to the appoint-

ment of guardians. Section 114 of the Texas Probate Code sets out the facts to be proved before appointing a guardian and states what the court must find. The County Court of Harrison County having jurisdiction over the subject matter of guardianship, and having entered its order appointing Louise A. Iliff as guardian, the County Court is presumed to have determined that all proof necessary for the appointment of the guardian had been made as a prerequisite to the Court's assuming the authority to make the order. In a collateral attack, where the record is silent as to facts concerning jurisdiction, it is conclusively presumed that all the facts not appearing of record were found by the court in favor of its jurisdiction. *Hannon v. Henson*, 15 S.W.2d 579, 585 (Tex.Com.App. 1929, judgmt. adopted); *Bearden v. Texas Company*, 41 S.W.2d 447, 458 (Tex.Civ.App. 1931), aff'd, 60 S.W.2d 1031 (Tex.Com.App. 1933, opinion adopted); *Podgoursky v. Frost*, 394 S.W.2d 185, 190 (Tex.Civ. App.San Antonio 1965, writ ref'd n. r. e.); G. Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 163 (1962).

The public policy of this state requires, where possible, that a judgment of a state court be upheld against a collateral attack in order that property rights can be protected when property is acquired upon faith in the validity of such judgment. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 328 (1895).

Appellant's point of error is overruled. The judgment of the trial court is affirmed.