**Howard MERCER, et ux., Appellants,**

v.

**PHILLIPS NATURAL GAS COMPANY, et al., Appellees.**

No. 3–86–112–CV.

Court of Appeals of Texas, Austin.

March 9, 1988.

Rehearing Denied April 6, 1988.

Jon Mercer, Houston, Waggoner Carr, John M. Schiltz, Asst. Atty. Gen., Austin, for appellants.

Arthur Val Perkins, Houston, Robert L. Blackburn, Philip Durst, Richards & Durst, Austin, for appellees.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment of the district court rendered in favor of appellees and denying appellants' collateral attack on a county court condemnation judgment. We will affirm the judgment.

The Property Code vests eminent domain jurisdiction in district courts and county courts at law. Tex.Prop.Code Ann. § 21.001 (1984). Both the Property Code and the Government Code provide that the constitutional county courts do not have eminent domain jurisdiction. *Id.*; Tex. Gov't Code Ann. § 26.043 (Pamp.Supp. 1988). Fayette County has no county court at law.

The Legislature has the authority, to vary the jurisdiction of the county courts. Prior to its repeal, the Texas Constitution contained the following provision:

> The Legislature shall have power, by local or general law, to increase, diminish *or change* the civil and criminal jurisdiction of County Courts; and *in cases of* any such *change* of jurisdiction, the Legislature shall also *conform* the jurisdiction of the other courts *to such change.*

Tex. Const. Art. V, § 22 (1876, repealed 1985.) (emphasis added). In 1985, the 69th Legislature authorized repeal of § 22, which was approved by the voters in November 1985. Tex.S.J.Res. 14, 69th Leg., 1985 Tex.Gen.Laws 3359.

Also in 1985, the 69th Legislature granted the Fayette County Court conditional jurisdiction to hear and decide eminent domain proceedings by enacting 1985 Tex. Sess.Law Serv., ch. 948, § 1 at 3209 (Tex. Rev.Civ.Stat.Ann. art. 1970–310, since repealed) ("H.B. 2413"). Specifically, H.B. 2413 provided:

> SECTION 1. *In addition* to the jurisdiction provided by the constitution and general laws for county courts, *the County Court* of Fayette County *has the following jurisdiction if the county judge is licensed to practice law* in this state *and practiced law for at least two years prior to his appointment or election* :
>
> (1) jurisdiction over cases and proceedings under the Family Code;
>
> (2) *eminent domain* jurisdiction;
>
> (3) concurrent civil jurisdiction with the district court in cases in which the matter in controversy exceeds $500.00 and does not exceed $20,000.00.

1985 Tex.Sess.Law Serv., ch. 948, § 1, at 3209 (since repealed) (emphasis added). At the time H.B. 2413 was enacted, Art. V, § 22 was still in effect.

Appellee Phillips Natural Gas Co. (Phillips) instituted condemnation proceedings in the County Court of Fayette County in cause no. 231. Appellants Howard and Remor Mercer were parties to the proceeding and participated in the hearings conducted by the special commissioners. At the conclusion, judgment was rendered condemn-

ing the Mercers' property and awarding them compensation. The Mercers did not appeal the adverse ruling, but thereafter filed this cause in the district court, collaterally attacking the county court's judgment.

In their collateral attack, the Mercers sought a declaratory judgment to set aside the condemnation on the grounds that (1) H.B. 2413 was unconstitutional, and therefore the county court judgment was void for lack of jurisdiction to entertain the condemnation proceeding; or, alternatively, (2) Phillips failed to plead and prove the facts necessary to invoke the county court's subject-matter jurisdiction. Because the district court proceeding challenged the constitutionality of a statute, the State was made a party to the cause pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 37.006 (1986). The Attorney General also asserted H.B. 2413 violated the constitution. Fayette County, the County Judge, and the Lower Colorado River Authority intervened in support of the judgment.

The district court denied the motions for summary judgment filed by the Mercers and the State. It granted Phillips' motion for summary judgment upholding the validity of the county court judgment, though the court denied Phillips' motion to strike the appearance of the State and to bar the Mercers' cause of action.

■■■■ Phillips contends that the relief sought by the Mercers is barred due to their failure to raise their constitutional challenge in the county court. A litigant, by his act or failure to act, may waive a constitutional right, even a challenge to the constitutionality of a statute. *Young v. City of Colorado*, 174 S.W. 986 (Tex.Civ. App.1915, writ ref'd); *see Phillips v. Phillips*, 532 S.W.2d 161, 163 (Tex.Civ.App. 1976, no writ). The general rule is that the constitutional question must be raised at the earliest opportunity or it is waived. Taking part in a proceeding which fixes liability without challenging the constitutionality of the law which gives rise to the cause of action may constitute a waiver of

the right to question that law subsequently. *Humbird v. Avery*, 195 U.S. 480, 25 S.Ct. 123, 49 L.Ed. 286 (1904); 16 C.J.S. Constitutional Law §§ 78–84 (1984). Participation without objection in judicial civil proceedings otherwise unconstitutional may operate as a waiver of the right to assert a constitutional challenge. *Gulf Refining Co. v. Bonin*, 242 S.W. 776 (Tex.Civ. App.1922, no writ).

■■■■ Phillips asserts that the Mercers waived their constitutional challenge by not asserting it at the first opportunity. *See Wood v. Wood*, 159 Tex. 350, 320 S.W.2d 807, 813 (1959). *But see Lovejoy v. Lillie*, 569 S.W.2d 501 (Tex.Civ.App.1978, writ ref'd n.r.e.). A question of jurisdiction, however, can be raised at any time and cannot be waived. *Solomon v. Massachusetts Bonding and Insurance Co.*, 347 S.W.2d 17, 20 (Tex.Civ.App.1961, writ ref'd). Only a lack of jurisdiction will subject a judgment to successful collateral attack. Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 163 (1962).

■■■■ A court's judgment is void if, at the time it is rendered, the court lacks authority to rule upon the matter due to an absence of subject-matter jurisdiction. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895). A void judgment is subject to collateral attack at any time and in any proceeding. *Hill and Jahns v. Lofton*, 165 S.W. 67, 70 (Tex.Civ.App.1914, writ ref'd). When the court's record reveals a lack of jurisdiction which bears on the power of the court to enter the judgment at all, rather than to mere matters of procedure, this lack of jurisdiction is sufficient to render a judgment void on collateral attack. Hodges, *Collateral Attacks on Judgments* (Part Two), 41 Texas L.Rev. 499, 518 (1963).

■■■■ Assuming appellants properly challenge the jurisdiction of the county court and its power to enter a condemnation judgment, we uphold the district court's rejection of this collateral attack.

■■■■ A law duly enacted by the Legislature is presumed to be valid, and all

doubts should be resolved in favor of its constitutionality. *Brown v. City of Galveston*, 97 Tex. 1, 75 S.W. 488 (1903). Any analysis begins with this presumption of validity. *Robinson v. Hill*, 507 S.W.2d 521, 524 (Tex.1974). Whether a law is constitutional is to be tested in light of settled rules of construction, which now have been codified in the Government Code. Tex.Gov't. Code Ann. § 311.021 *et seq.* (Pamp.Supp. 1988) (Construction of Statutes); § 312.001 *et seq.* (Pamp.Supp.1988) (Construction Rules for Civil Statutes). The burden is on the one asserting the challenge to show that the statute violates a specific and clear constitutional provision. *Robinson*, 507 S.W.2d at 524. Courts will hold an act unconstitutional only if a specific provision of the constitution clearly prohibits the legislation, or such is clearly implied. *Shepherd v. San Jacinto Junior College District*, 363 S.W.2d 742, 743 (Tex.1962). In deciding the matter, it is necessary to look both to the meaning of the legislation and also to the meaning of the pertinent constitutional provision. *Duncan v. Gabler*, 147 Tex. 229, 215 S.W.2d 155 (1948). Both are to be liberally construed in favor of constitutionality. *Robinson*, 507 S.W.2d at 524. The court may resolve doubts by construing the true interpretation of the constitutional provision, or it may consider the enacted legislation in light of the meaning of the constitution once that has been determined. *Duncan*, 215 S.W.2d at 158–59.

Appellants recognize that the Legislature has the power to vest eminent domain jurisdiction in the Fayette County Court. The fatal flaw to which appellants point is the Legislature's failure to specify "exclusive" or "concurrent" jurisdiction. They assert that Art. V, § 22 required some qualification; otherwise, the statute does not empower the county court to act. Appellants admit that there is little authority interpreting the constitutional provision or supporting their position, aside from § 22 itself. They cite this Court to two cases, but neither mandates the result they suggest.

Appellants construe § 22 to require conforming language any time county court jurisdiction is increased, decreased or the court is given any authority already possessed by another court, regardless of whether the legislation alters the other court's power to act. They further would have us hold that in the absence of any designation, we must presume the Legislature intended to confer exclusive jurisdiction on the county court, thereby unquestionably changing the district court's jurisdiction in violation of § 22. The result under either construction would render the statute unconstitutional and the court ruling pursuant thereto void.

Appellants' constitutional challenge in the first instance is dependent upon our construing Art. V, § 22 as they suggest. If the constitutional provision is subject to more than one construction, it should be given a reasonable one which will sustain the validity of legislation. *Cramer v. Sheppard*, 140 Tex. 271, 167 S.W.2d 147, 155 (1943).

In *Brazoria County v. Calhoun*, 61 Tex. 223 (1884), cited by appellants, the Legislature granted certain appellate jurisdiction to the county court. The Texas Supreme Court held that § 22 did not require conforming language since at that time no other court had jurisdiction of the subject-matter bestowed by the legislation. The Court held that it is only where the jurisdiction of another court is *affected* by the change that the Legislature must conform the jurisdiction of the other court to the change in the county court. *Id.* at 224. (emphasis added). So, clearly, conforming language is not required in every instance. Appellants, however, interpret this to mean that even a sharing of authority *affects* the district court, because it no longer has sole power over a matter.

Appellants also cite the case of *Erwin v. Blanks*, 60 Tex. 583 (1884). In *Erwin*, the Texas Supreme Court held the statute in question unconstitutional, as it purported to grant exclusive jurisdiction of a particular subject matter to the county court when the district court was authorized by the Texas Constitution to decide the matter.

In *dicta,* the court in *Erwin* noted the legislation further violated Art. V, § 22, because it failed to conform the jurisdiction of the district court. Obviously, this could not be accomplished, since the Texas Legislature could not abolish the district court's jurisdiction prescribed by the Constitution. The court went on to note that by Art. V, § 22, it "was doubtless intended that the jurisdiction should be prescribed for the County Court, and *provision should be made* at the same time *giving to the district court the power which had been withdrawn* from the County Court, *or depriving the district court of those which had been conferred* upon the latter." *Erwin,* 60 Tex. at 586 (emphasis added). As will be seen, we are not convinced that H.B. 2413 deprived the district court of any power by conferring eminent domain jurisdiction on the county court.

▆ The Texas Supreme Court has observed that the word "conform" has been defined as "to make of the same form or character," to "make like" or "to adjust." *Reasonover v. Reasonover,* 122 Tex. 512, 58 S.W.2d 817 (1933). If H.B. 2413 did not alter the district court's jurisdiction, it would be unnecessary to adjust its jurisdiction, as the two courts had like authority, of the same character, over eminent domain matters once the county court jurisdiction had been increased. While it may be preferable for the Legislature to specify, as is generally done, what character of jurisdiction is created in order to avoid uncertainty, one reasonable construction of § 22 renders conforming language *mandatory only* when the district court is given or deprived of jurisdiction, not when the legislation merely increases or decreases the county court's authority alone, without taking from or adding to that of the district court. Only when authority is *changed* or shifted from one court to another must the Legislature conform both courts' jurisdiction. If § 22 were so construed, H.B. 2413 would withstand the constitutional test unless it changed jurisdiction from the district court to the exclusive authority of the Fayette County Court.

The jurisdiction granted by H.B. 2413 was either concurrent or it was exclusive. Nothing in the statute affirmatively indicates that the Legislature intended it to be exclusive. Indeed, the county court's authority is conditional and exists only when the presiding judge possesses certain qualifications. Common sense would dictate that, because there may be times when the county court could not entertain eminent domain cases, the Legislature intended that the district court continue to be a forum where the matter always could be heard. Any other construction would be unreasonable.

Appellants have cited us to no authority in support of their proposition that, in the absence of specific designation, the statute confers exclusive, rather than concurrent, jurisdiction. In a decision addressing a similar constitutional provision relating to district courts, the Texas Supreme Court noted that, in the absence of express designation, the statute is not presumed to confer exclusive jurisdiction. *Jordan v. Crudgington,* 149 Tex. 237, 231 S.W.2d 641, 643 (1950); *See* Tex. Const. Art. V, § 1 (1891, amended 1980). The statute here in question as enacted does not purport to limit or to divest the district court's jurisdiction, or to vest the same exclusively in the county court. The legislation merely provides another court to share the burden of hearing eminent domain cases when the presiding judge meets the necessary qualification. *State ex rel. Rector v. McClelland,* 148 Tex. 372, 224 S.W.2d 706 (1949).

If there are two possible interpretations, one constitutional and one not, we are to uphold the constitutionality of the statute. Though the statute may suffer from lack of clarity, we are not compelled to hold it unconstitutional. Our construction of § 22 and of H.B. 2413 would render the legislation constitutional, and we so hold.

We are aware that the 70th Legislature enacted legislation to specify that the county court's jurisdiction is concurrent. It is instructive, though unnecessary to the disposition of this case, that the later Act

provides that it "does not change the jurisdiction [created by H.B. 2413] but is intended to clarify that the jurisdiction of the county court and the district court is concurrent in cases enumerated in Section 26.-175, Government Code." Tex.Gov't.Code Ann. § 26.175, historical note (Pamp.Supp. 1988).

Appellants also complain that H.B. 2413 is unconstitutionally vague because jurisdiction is based upon the qualifications of the particular county judge at any given time. They suggest circumstances which might arise in the future and which possibly could affect jurisdiction. The record reflects that the Honorable Dan Beck, Presiding Judge of the Fayette County Court while this cause was pending and who rendered the judgment being attacked, possessed the qualifications required by the statute. We decline to render an advisory opinion as to a matter not before this Court. *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex.1969).

Appellants further complain that the condemnation proceeding in the county court is void because, even if the legislation is constitutional, Phillips failed properly to invoke the special jurisdiction of the Fayette County Court. They complain that Phillips' petition fails to allege expressly that the county judge is licensed to practice law and had practiced law for two years prior to his election or appointment. Appellants' complaint is limited only to the sufficiency of Phillips' pleadings and does not challenge its proof. It is undisputed that the essential jurisdictional facts existed, and the summary judgment proof reflects that the county judge possessed the qualifications necessary to empower jurisdiction.

Phillips' original petition for condemnation filed in the county court alleged that the action was brought pursuant to certain provisions of the Property Code "and also H.B. 2413, Acts of the 69th Leg., Regular Session, Ch. 948." Insufficient pleadings will rarely prove a lack of juris-

diction, and when the defendant has appeared, the judgment is not subject to collateral attack for lack of jurisdiction due to defective pleading, unless the pleading negates jurisdiction. *Hodges,* 41 Texas L.Rev. at 514. Every defect in pleading, whether of form or of substance, is waived unless brought to the trial court's attention prior to judgment. Tex.R.Civ.P.Ann. 90 (Supp.1988).

When a court exercises power created by statute, the party must plead and prove facts which invoke the court's jurisdiction. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (1926). In *Mingus,* the Court observed that "the petition contains no allegation *or semblance of allegation* of the required jurisdictional facts," and the proof in the record clearly showed that the court did not and could not have jurisdiction. *Id.,* 285 S.W. at 1089 (emphasis added). The presumption of validity does not apply when the record affirmatively refutes jurisdictional facts and proves the Court lacked jurisdiction. *Hill and Jahns,* 165 S.W. at 70.

An omission of, or defect in, the jurisdictional allegations will be waived if the defendant fails to call it to the court's attention before judgment, provided the proof upon the trial establishes the court's jurisdiction. *Lewter v. Dallas County,* 525 S.W.2d 885 (Tex.Civ.App.1975, writ ref'd n.r.e.); *Gottschalk v. Gottschalk,* 212 S.W.2d 223, 225 (Tex.Civ.App.1948, no writ); 4 R. McDonald, *Texas Civil Practices in District and County Courts,* § 6.07 (Rev.1984). The requirement of jurisdiction "lies not in the pleadings but in the existence of the facts necessary for the court to exercise jurisdiction." *Thomas v. Whaley,* 561 S.W.2d 526, 529 (Tex.Civ.App. 1977, writ ref'd n.r.e.); *see Solomon,* 347 S.W.2d at 20 (whether proof of jurisdictional facts shows an amendment to pleadings would cure); *see also Mozley v. American General Insurance Co.,* 324 S.W.2d 925 (Tex.Civ.App.1959, writ ref'd n.r.e.). The Fayette County Court was granted eminent

domain jurisdiction by the passage of H.B. 2413. Appellees alleged that their suit was brought pursuant to the provisions of H.B. 2413. While they might have been required to state the matter more specifically had appellants excepted to their pleading, the basis for jurisdiction was alleged sufficiently, and appellants' fifth point of error is overruled.

Phillips challenges the State's authority to intervene in this action. The Attorney General is specifically authorized to be made a party to any litigation involving the constitutionality of a statute. Tex.Civ. Prac. & Rem.Code Ann. § 37.006(b) (1986). Accordingly, the Attorney General was served with the necessary pleadings and had the right to be heard. Phillips' real complaint is not that the Attorney General took part in the proceeding, but that he took the position that H.B. 2413 was unconstitutional in contravention of what Phillips' describes as his legal duty. While we are cited to no authority permitting the Attorney General to attack a statute in this manner, appellants seek no relief except to strike the Attorney General from the proceeding. Because the Mercers first challenged by collateral attack the constitutionality of the statute and pursued this challenge on appeal, the Attorney General's nominal support for their position has little bearing on the outcome. Our ruling on the question of the authority of the Attorney General to take this legal position is not necessary for our disposition of the case and would be advisory only.

Both Phillips and Fayette County assert that the trial court erred in denying their request for attorney's fees pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 37.009 (1986). The award of attorney's fees under the statute is within the discretion of the trial court, and a complaining party must show that by failing to award attorney's fees pursuant to § 37.009 the trial court abused its discretion. *Oake v. Collin County,* 692 S.W.2d 454 (Tex.1985); *Contact Products, Inc. v. Dixico Inc.,* 672 S.W.2d 607 (Tex.App.1984, no writ) (stan-

dard applicable to Tex.Rev.Civ.Stat.Ann. art. 2524-1, § 10 since repealed now § 37.009). Appellees cite this Court to no authority, and we can find none, which would compel us to hold that the trial court abused its discretion in denying attorney's fees under these facts. *Rayburn v. Giles,* 182 S.W.2d 9 (Tex.Civ.App.1944, writ ref'd). We note that Fayette County states in its brief that it does not question the Attorney General's legal authority to attack the constitutionality of a statute duly enacted by the Legislature.

For the reasons stated, all points of error are overruled, and the judgment of the trial court is affirmed.

Affirmed.