**Robin TALIANCICH, Relator,**

v.

**The Honorable A.G. BETANCOURT, Judge of the County Court at Law Number Two, Cameron County, Texas, Respondent.**

**No. 13–91–156–CV.**

Court of Appeals of Texas, Corpus Christi.

April 18, 1991.

Barry R. Benton, Brownsville, for relator.

Fred Galindo, Brownsville, for respondent.

Before SEERDEN, DORSEY and HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

In this original proceeding, relator, Robin Taliancich, requests relief from an order issued by respondent, the Honorable A.G. Betancourt, transferring his case from the County Court at Law Number Two, over which Judge Betancourt presides, to Justice Court. We agree with relator that the trial court abused its discretion in this regard and conditionally grant the petition for writ of mandamus.

The petition for writ of mandamus reflects that relator brought suit in county court against American Pawn & Jewelry, Inc., the real party in interest in this proceeding. The second amended petition states that relator is suing the defendant for violations of the Texas Deceptive Trade Practices Act and the Texas Debt Collec-

tion Act, attorney's fees, negligence, and intentional infliction of emotional distress. The petition contains language that the value of the damages exceeds the minimum jurisdictional limits of the court. Relator asserts that his petition is sufficient for the court to retain jurisdiction over the cause. Respondent urges that relator is not a consumer under the DTPA or a debtor under the Texas Debt Collection Act. He further states that liberal construction of the pleadings as set forth in Tex.R.Civ.P. 47(b) is not applicable here because defendant challenged the applicability of the Debt Collection Act.

 In any doubtful case, all intendments of a plaintiff's pleadings will be in favor of jurisdiction. *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). Unless it is clear from the pleadings that the court *lacks* jurisdiction of the amount in controversy, it should retain the case. *Id.* The court should presume in favor of jurisdiction unless the lack of jurisdiction affirmatively appears on the face of the petition. *Id.* Even if the jurisdictional amount is never established by pleading, a plaintiff may recover if jurisdiction is proved at trial. *Id.* Only when a party specifically pleads an amount under the minimum jurisdiction of the court does a party plead himself out of court. *See Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex.1967).

 Cameron County Courts at Law have concurrent jurisdiction with the district courts in civil cases in which the amount in controversy exceeds $500.00 but does not exceed $20,000.00, excluding interest. Tex. Gov't Code Ann. § 25.0332 (Vernon 1988). The pleadings here affirmatively state that the damages exceed the jurisdictional amount. Relator states an amount of damages for violations of the DTPA which, on its face, is less than the minimum jurisdictional amount. His DTPA cause of action, however, is but one of several causes of action for which he has alleged damages. We find no authority for the trial court's act of transferring the case. In fact, the authority we find mandates the opposite. Even if the jurisdiction

of the county court had not been invoked, a motion for dismissal would have been the proper attack.

Mandamus is proper to correct a clear abuse of discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). We find that under the circumstances presented here, the trial court exceeded its authority in transferring the case. We are confident that the court will rescind its April 2, 1991, order transferring the case to justice court and place the cause back on the docket of the County Court at Law Number Two, Cameron County, Texas. Mandamus will issue only if the court fails to comply.