Donald GIDDENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–398–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 3, 1991.

Patrick J. McGuire, Corpus Christi, for appellant.

Bradford M. Condit, Corpus Christi, for appellee.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

The trial court granted forfeiture of $103,653.00 in U.S. currency, which the State had alleged was derived from, used for, or intended to be used for the distribution, delivery, or sale of a controlled substance in violation of Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03 (Vernon Supp.1989) (repealed). By one point of error, appellant contends that the trial court lacked jurisdiction because the State failed to timely allege that the seizure occurred in Nueces County, Texas, a fact essential to the trial court's jurisdiction. We affirm the trial court's judgment.

The State filed its original petition and notice of seizure and forfeiture with the clerk of the Nueces County district court on July 19, 1989, alleging that Nueces County Sheriff's Department agents seized the money on or about July 18, 1989. On August 31, 1989, appellant, by his attorney,

filed a "Plea to the Jurisdiction of the Court," which complained that the petition "failed to state facts which affirmatively showed jurisdiction of the Court in which the action is brought." Claiming the trial court had no jurisdiction, he requested dismissal of the case. On September 18, 1989, the State filed a response, alleging compliance with the statute conferring jurisdiction. It also on September 18, 1989, filed a supplemental petition adding the money was seized "in Nueces County." On September 19, 1989, appellant filed a general denial which also averred that he owned the property and that it was not subject to seizure.

To obtain the property by forfeiture under § 5.05(a) and (b), the State had to file notice of its seizure within thirty days. Appellant argues that the State had to allege jurisdictional facts to confer jurisdiction on the court, and that the petition is deficient in that it did not contain the allegation that the seizure was made *in Nueces County* until September 18, more than thirty days after the seizure. On this basis, appellant prays that this court reverse the trial court's judgment and order the case dismissed.

Jurisdiction, as the duty and power of the court to act, does not depend on the petition that states the cause of action. *Thomas v. Whaley,* 561 S.W.2d 526, 529 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Estate of Maxey,* 559 S.W.2d 458, 461 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). While jurisdiction is determined by looking to the pleadings, jurisdiction is not created by pleadings but by the duty and power of the court to act as conferred by the Texas Constitution and statutory enactments. *Huston v. Federal Deposit Ins. Co.,* 663 S.W.2d 126, 130 (Tex. App.—Eastland 1983, writ ref'd n.r.e.). Thus, the gravamen of jurisdiction lies not in the pleading but in the existence of the facts necessary for the court to exercise its jurisdiction. *Mercer v. Phillips Natural Gas Co.,* 746 S.W.2d 933, 939 (Tex.App.— Austin 1988, writ denied); *Thomas,* 561 S.W.2d at 526; *see Travelers Indem. Co. v.* *Montelongo,* 785 S.W.2d 436, 438 (Tex. App.—Corpus Christi 1990, writ denied).

In any doubtful case, all intendments of the plaintiff's pleading will be in favor of jurisdiction. *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989); *Taliancich v. Betancourt,* 807 S.W.2d 891, 892 (Tex.App.—Corpus Christi 1991, orig. proceeding). We presume in favor of the trial court's jurisdiction unless lack of jurisdiction affirmatively appears on the face of the petition. *See Taliancich,* 807 S.W.2d at 892; *Smith v. Texas Improvement Co.,* 570 S.W.2d 90, 92 (Tex.Civ.App.—Dallas 1978, no writ).

Appellant does not dispute that the essential jurisdictional facts existed, but complains only of the sufficiency of the pleadings. *See Mercer,* 746 S.W.2d at 939–40. Jurisdiction of the proceedings in a forfeiture action is conferred by Tex.Rev.Civ. Stat. art. 4476–15, § 5.05. Section 5.05(b) requires the seizing officer to file notice of the seizure and intended forfeiture to the clerk of the district court of the county where the property was seized. In this case, the pleadings showed facts to indicate that the cause of action was one over which the district court had jurisdiction, that is, a forfeiture proceeding. *See Maxey,* 559 S.W.2d at 461.

The lack of any pleading asserting the place of seizure within the first thirty days is not fatal to jurisdiction. The purpose of the pleading is to inform the opposing party. All that was required to be filed within the thirty days was a pleading sufficient to put appellant on notice of the State's cause of action. *See Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981); *Mercer,* 746 S.W.2d at 939– 40. By citing and tracking the applicable statute in the petition, the State gave notice of its basic theory of recovery. *See* Tex.R.Civ.P. 47.

Moreover, appellant's plea to jurisdiction did not point out the alleged defect specifically and he filed no special exception to the pleadings. Tex.R.Civ.P. 90. Generally, a party will be given opportunity to amend before dismissal. *See American Universal Investment Co. v. Hacker,* 611 S.W.2d

654, 656 (Tex.Civ.App.—Corpus Christi 1980, no writ).

Appellant cites *State v. Benavides*, 772 S.W.2d 271, 274 (Tex.App.—Corpus Christi 1989, writ denied), in support of his position. In that case, the defendant raised a plea to the jurisdiction of the Nueces District Court. The petition did not state in which county the seizure was made, but the plea to the jurisdiction was before the court and alleged that it occurred in Brooks County. Moreover, at the hearing on the plea to the jurisdiction, no testimony was taken, no exhibits were introduced, and no one appeared for the State. This Court held that under those circumstances, the trial court could not assume subject matter jurisdiction.

In this case, the petition at first did not state in which county the seizure was made, but was later amended to allege it occurred in Nueces County, where suit was filed. The plea to the jurisdiction did not assert that the seizure occurred elsewhere. We distinguish *Benavides* in that there has been no allegation that the seizure occurred in a county other than the one of the trial court.

We overrule appellant's point of error, and affirm the trial court's judgment.