**L.G. MOSLEY and Jynnifer Mosley, Appellants,**

v.

**TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, Appellee.**

**No. 11–93–279–CV.**

Court of Appeals of Texas, Eastland.

March 17, 1994.

Rehearing Denied April 14, 1994.

Minor E. Pounds, Lancaster, Lindy D. Jones, Laura L. Worsham, Jones, Allen & Fuquay, Dallas, for appellants.

Andrew G. Jubinsky, Timothy A. Daniels, Figari & Davenport, Dallas, for appellee.

OPINION

McCLOUD, Chief Justice.

The issue is whether a final judgment adjudicating the validity of an existing lien on a homestead is void and subject to collateral attack.

Plaintiffs, L.G. Mosley and wife, Jynnifer Mosley, filed suit on March 18, 1993, against defendant, Ticor Title Insurance Company of California, seeking a declaratory judgment that a deed of trust lien upon the Mosley's homestead was void. Ticor filed a motion for summary judgment asserting that the Mosleys were collaterally attacking a prior final judgment and that the Mosleys' claims were barred by res judicata and collateral estoppel. The trial court granted Ticor's motion for summary judgment. We affirm.

Ticor does not challenge that the 9.5–acre tract in question is the Mosley's homestead. Ticor is the assignee of the note and deed of trust in question which were originally executed in favor of Guaranty Bank.

On July 24, 1990, a final judgment was entered in the 192nd Judicial District Court of Dallas County between the Mosleys and Ticor ordering that a promissory note in the original principal sum of $1,285,000 and a deed of trust securing the note and covering the 9.5–acre tract in question were judicially reformed to provide that the note and deed of trust were executed by L.G. and Jynnifer Mosley in their individual capacities rather than by L.G. Mosley as president of Bloods

of Quality, Inc. The judgment ordered that the deed of trust was a "valid, subsisting and perfected first lien" in favor of Ticor against the property in question in the "principal amount of $300,000.00." The judgment further provided that the deed of trust would secure the "Mosleys' repayment of the principal amount of $300,000.00, plus interest, as more fully described in the Settlement Agreement and Release and the Findings of Fact and Conclusions of Law." The pleadings at the time the judgment was entered clearly show that the homestead issue was before the court. The parties agreed to reduce the approximate 1.2 million dollar obligation to a debt of $300,000. In the findings of fact and conclusions of law which were expressly incorporated into the July 24, 1990, judgment, the trial court found that:

> [O]f the proceeds advanced by the Bank, on or about October 6, 1986, in connection with the Note and Deed of Trust, $300,-000.00 was disbursed by the Bank to discharge *valid purchase money and improvement liens against the property.* (Emphasis added)

The Mosleys contend on appeal that the July 24, 1990, judgment is "void" because the trial court lacked subject matter jurisdiction. If the judgment is valid, Ticor's res judicata and collateral estoppel defense are valid.

The Mosleys rely upon TEX. CONST. art. XVI, § 50, which states in part:

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for *the purchase money thereof,* or a part of such purchase money, the taxes due thereon, or for *work and material used in constructing improvements thereon,* and in this last case only when the work and material are contracted for in writing, with the consent of both spouses. (Emphasis added)

See also TEX.PROP.CODE ANN. § 41.001 (Vernon Supp.1994).

The only cases cited by the Mosleys involving a collateral attack upon a prior final judgment are distinguishable. In both *Barnett v. Eureka Paving Co.*, 234 S.W. 1081 (Tex.1921) and *Curtis Sharp Custom Homes, Inc. v. Glover*, 701 S.W.2d 24 (Tex.App.—

Dallas 1985, writ ref'd n.r.e.), the prior judgments purported to "create" or "impose" a lien against the homestead. The July 24, 1990, judgment did not create or impose a lien. The judgment adjudicated the validity of an "existing" lien on the property. The court in *Cline v. Niblo,* 117 Tex. 474, 8 S.W.2d 633, 638 (1928), stated:

> If the record shows that the questions whether or not the property was homestead, *or that the debts involved were chargeable against a homestead,* then these issues, other requisites being present, are foreclosed, *except upon direct attack* upon justiciable grounds. (Emphasis added)

The court expressly noted the distinction between the adjudication of an existing lien and the imposition by the court of a previously non-existing lien.

It is clear from the court's statements and holding in *Heinton v. Uvalde Paving Co.*, 118 S.W.2d 317 (Tex.Civ.App.—Waco 1938, writ ref'd), that res judicata and collateral estoppel do apply to judgments which adjudicate homestead rights and the validity of liens.

The July 24, 1990, judgment did not create or impose a lien on the Mosleys' homestead, but rather adjudicated and determined that an existing lien complied with the requirements of the Texas Constitution. If the Mosleys can collaterally attack the July 24, 1990, judgment, then litigation involving the validity of a lien on homestead property can never be finally resolved because any judgment resolving the contested issue can be collaterally attacked at a later date as void.

We hold that the July 24, 1990, judgment adjudicated and determined that Ticor's existing lien was valid. The judgment did not create or impose a lien on the homestead. The July 24, 1990, judgment is not void. The judgment of the trial court granting Ticor's motion for summary judgment is affirmed.