**In re Gene REITNAUER, Debtor.**

**Gene REITNAUER, Appellant,**

v.

**Dan MORALES, Attorney General of the State of Texas, et al., Appellees.**

No. 4:98–CV–093–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 24, 1998.

Dean M. Fuller, Law Office of Dean M Fuller, Dallas, TX, for Gene Reitnauer.

Joseph W Colvin, Colvin & Petrocchi, Fort Worth, TX, Vincent L Hazen, Hazen & Terrill, Austin, TX, for Texas Exotic Feline Foundation, Inc.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from an order of the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding, signed and entered December 8, 1997, granting a motion for relief from stay. The court, having considered the briefs of appellant, Gene Reitnauer, and appellee Texas Exotic Feline Foundation, Inc. ("TEFF"),[1] the record on appeal, and applicable authorities, finds that such order should be reversed.

### I.

#### *Jurisdiction*

This is an appeal from an order granting motion for relief from stay signed and entered December 8, 1997. The court's jurisdiction exists pursuant to 28 U.S.C. § 158(a).

### II.

#### *Pertinent Facts and Underlying Proceedings*

TEFF is a 501(c)(3) non-profit foundation whose charitable mission is to provide a sanctuary for abandoned, abused or neglected exotic felines, such as lions, tigers, and leopards. Appellant was the founder and an officer and director of TEFF. On November 21, 1996, the Texas Attorney General filed suit against appellant and TEFF in the 345th District Court of Travis County, Texas, alleging, *inter alia*, breach of fiduciary duties by appellant. The state court eventually realigned the parties, making TEFF a plaintiff along with the Attorney General. The state court appointed a receiver to operate TEFF and conserve its assets. Trial on the merits in that action began on September 9, 1997.

The jury reached a verdict in the first phase of the trial on September 19, 1997, and specifically found that appellant breached her fiduciary duties, committed fraud and constructive fraud, was unjustly enriched, and converted TEFF assets to her own use. The jury also found by clear and convincing evidence that the harm to TEFF and to the Texas public resulted from malice or fraud, thereby entitling TEFF and the Attorney General to exemplary damages. Trial of the attorney's fees and exemplary damages issues was set to resume on September 29, 1997. On September 26, 1997, the Friday afternoon prior to the date the trial was to resume, appellant filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, in Case No. 497–45601 in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Appellant did not notify the trial court or opposing counsel of the filing until the day trial was to resume. That afternoon, TEFF filed with the bankruptcy court a motion for emergency hearing and motion to vacate automatic stay to allow the state court trial to go forward. The motion was granted .[2]

The state court trial went forward; the jury returned a verdict in favor of plaintiffs. On October 14, 1997, following a hearing on TEFF's motion for judgment, the state judge signed a judgment and permanent injunction against appellant. Among other things, the court found:

8. Based, *inter alia*, upon the Court's findings of wrongful commingling and the conduct referenced in paragraph I.5., *supra*, equity prevents [appellant] from being entitled to the protections of the homestead exemption provided in the Texas Constitution for the land more particularly described in Exhibit C, and the fixtures and improvements thereon.

9. [Appellant] has no valid claim of ownership to the land titled in TEFF's name, which is more particularly described in Exhibit D (which is attached hereto and

---

1. Dan Morales, Attorney General of the State of Texas, is also named as an appellee, but has not filed a brief. Presumably, his interests are the same as those of TEFF.

2. The motion is said to be the subject of a separate appeal, which has not yet been transmitted to the district court.

incorporated herein by reference), or the fixtures or improvements thereon, despite the award of said land to her in the divorce decree entered in Cause No. 96–01–003; *In the Matter of the Marriage of Robert H. Reitnauer and Gene Liddy Reitnauer,* in the 271st District Court, Wise County, Texas.

Motion to Vacate Automatic Stay, Ex. E, Judgment and Permanent Injunction at 3, ¶¶ 8 and 9. The judgment further provided:

> 7. Plaintiffs have judgment, to be awarded to TEFF, of all right, title and interest to the land titled in [appellant's] name in Wise County, which land is more particularly described in Exhibit C, attached hereto and incorporated by reference herein, together with all right, title and interest to the fixtures and improvements thereon. TEFF shall take title to said land, fixtures and improvements subject to any valid preexisting liens without assuming liability for any underlying indebtedness.

*Id.* at 10, ¶ 7. And, the judgment permanently enjoined appellant from entering or having any access to the land located in Wise County, Texas, described in Exhibits C and D to the judgment, except that appellant was given a period of 30 days after recordation of the judgment to vacate the house she occupied and remove her personal property. *Id.* at 10–11, ¶ 8.

On October 21, 1997, TEFF filed in the bankruptcy court a second motion to vacate automatic stay to allow it to record the judgment of the Travis County court in the real property records of Wise County, Texas, so that the judgment could be enforced. Appellant failed to file a response to the motion and, pursuant to Rule 4001(b) of the Local Bankruptcy Rules of the United States District Court for the Northern District of Texas, TEFF's motion was deemed unopposed and the facts set forth therein were deemed admitted. Because appellant failed to timely file her exhibit list, the bankruptcy court did not admit any exhibits offered by her at the hearing on the motion. On December 8, 1997, the bankruptcy court granted TEFF's second motion, allowing the state court judg-

ment to be enforced. This is the appeal from that order.

### III.

#### *Issues on Appeal*

Appellant states that four issues are presented on appeal. Three of those issues, however, relate to her appeal of the bankruptcy court's order on the first motion modifying the automatic stay. The only issue relevant to this appeal is whether the bankruptcy court erred in modifying the automatic stay to allow the state court judgment to be filed in Wise County, Texas, and to be enforced against the property appellant claims as her homestead under Texas law.

### IV.

#### *Standard of Review*

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to *de novo* review. *Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.),* 785 F.2d 1249, 1252 (5th Cir.1986). Findings of fact, however, will not be set aside unless clearly erroneous. *Memphis–Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 783 F.2d 1283, 1287 (5th Cir. 1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). A bankruptcy court's decision to lift the automatic stay is reviewed for abuse of discretion. *Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 507 (7th Cir.1982).

### V.

#### *Whether the Bankruptcy Court Abused Its Discretion In Lifting The Stay*

As noted, appellant's brief is primarily devoted to issues not raised by the present

appeal. And, appellant does not discuss why she failed to respond to TEFF's second motion to vacate automatic stay or why she failed to timely file her exhibit list before the hearing on the motion.[3] Nevertheless, it is TEFF which fails to address the ultimate issue, to wit, whether the bankruptcy court should have allowed the recording and enforcement of a judgment effectively taking away appellant's claim to her homestead without determining whether that judgment was proper.[4]

In *In Matter of Camp,* the Fifth Circuit addressed the issue of whether a bankruptcy court should give *res judicata* effect to a state court judgment concerning the validity of a claim against a homestead. 59 F.3d 548 (5th Cir.1995). The Court determined that *res judicata* only applies if the state court actually and properly determined the homestead question. 59 F.3d at 553. The Court also discussed the nature of the homestead exemption in Texas and the limited jurisdiction under which state courts operate when they seek to adjudicate claims against homestead interests. *Id.* at 551–53.

Here, the bankruptcy court did not undertake an analysis of the state court's judgment. Instead, it simply granted the motion to lift stay by default. The state court's judgment shows on its face that it is an attempt by the state court to deprive appellant of her constitutional homestead rights under circumstances that are not allowed by Texas law. The judgment shows that the state court decreed that plaintiff lost her homestead rights in the property described in the judgment as Exhibit C by reason of wrongful commingling and other wrongful conduct. Texas law does not recognize that homestead rights can be lost or otherwise adversely affected for those reasons. The bankruptcy court's December 8, 1997, order has the effect of approving and aiding the enforcement of the improper actions taken in the state court's judgment relative to appellant's homestead.

The law is clear in Texas that a homestead may only be lost by death, abandonment, or alienation. *Long Bell Lumber Co. v. Miller,* 240 S.W.2d 405, 406 (Tex.Civ. App.—Amarillo 1951, no writ); *Garrard v. Henderson,* 209 S.W.2d 225, 229 (Tex.Civ. App.—Dallas 1948, no writ); *Goodrich v. Second Nat'l Bank,* 151 S.W.2d 276, 280 (Tex.Civ.App.—Beaumont 1941, writ ref'd) (quoting *Heidenheimer Bros. v. Stewart,* 65 Tex. 321, 323 (1886)). And, a constructive trust cannot be judicially imposed to secure a lien against homestead property when the constitutional and statutory requirements for fixing such a lien have not been met. *Republicbank, Lubbock, N.A. v. Daves (In re Daves),* 770 F.2d 1363, 1366 (5th Cir.1985). The record reflects that the state court recognized appellant's homestead claim, but determined that, as a result of her bad acts, appellant was not entitled to the protection of the homestead exemption. The state court was without jurisdiction to make such a ruling. *In re Camp,* 59 F.3d at 552. Accordingly, the court finds that the December 8, 1997, order of the bankruptcy court giving approval to the state court judgment must be reversed.

## VI.

### *ORDER*

For the reasons discussed herein,

The court ORDERS that the December 8, 1997, order granting motion for relief from stay be, and is hereby, reversed.

---

**3.** Pursuant to Rule 4001(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("Local Bankruptcy Rules"), appellant was required to file a response to TEFF's motion within 12 days from service of the motion. Failure to do so resulted in the allegations of the motion being deemed admitted, appellant having failed to show good cause as to why the allegations should not be deemed admitted. And, because she had failed to timely file an exhibit list, as required by Local Bankruptcy Rule 9052, appellant was not allowed to introduce her exhibits at the hearing.

**4.** Appellant describes the issue in terms of a lack of cause to lift the stay and a concession by the bankruptcy court of its jurisdiction under 28 U.S.C. § 1334.