NUMBER 13-99-224-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


WOODROW F. LOWERY, Appellant,


v.



FRANCISCO CALDERONI, Appellee.

____________________________________________________________________


On appeal from the County Court at Law No. 1


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Woodrow F. Lowery, appeals from an order of the
County Court at Law No. 1 of Cameron County: (1) finding that
appellant was the individual against whom a judgment was previously
rendered in that court in favor of appellee, Francisco Calderoni, and (2)
ordering appellant to comply with post-judgment discovery in that case. 
By four issues, appellant contends the trial court erred in rendering the
order. We dismiss for want of jurisdiction.

A. Background


 On March 20, 1994, Calderoni, the operator of a gasoline station,
sued "William Lowery, d/b/a Southernstar Oil & Gas, Inc. n/k/a Lowery
Petroleum, Inc.," alleging the defendant had overcharged him on a
contract for the purchase of gasoline. On the date the case was set for
hearing on Calderoni's motion for default judgment, appellant appeared
and defended the case. The matter was tried to the court, and the
evidence included: (1) a sales contract between Calderoni and
Southernstar Oil & Gas signed by Woodrow F. Lowery as "W.F.
Lowery," and (2) a recission contract signed by Woodrow Lowery as
"W. F. Lowery" over the typed name, "William Lowery." The trial court
found for Calderoni and on June 7, 1995, signed a judgment which
states, in relevant part:

 On the 8th day of November, 1994, came on to be
heard the above-styled and numbered case, wherein
FRANCISCO CALDERONI is the Plaintiff and WILLIAM
LOWERY, d/b/a SOUTHERNSTAR OIL & GAS, INC., n/k/a
LOWERY PETROLEUM, INC. (also known as "WOODY
LOWERY"), is the Defendant. The Plaintiff appeared in
person and by attorney of record and announced ready for
trial, and the Defendant appeared in person and by attorney
of record and announced ready for trial. No jury having been
demanded, all matters of fact and items in controversy were
submitted to the Court.


 The Court, after considering the pleadings on file, the
evidence presented and the argument of counsel, is of the
opinion that the Plaintiff, FRANCISCO CALDERONI, is entitled
to recover of and from the Defendant WILLIAM (WOODY)
LOWERY, the total sum of FOUR THOUSAND SIX HUNDRED
THIRTY-SEVEN AND 78/100ths ($4,637.78) DOLLARS, with
interest payable at the rate of SIX (6%) PERCENT from
February 16, 1994 until the date of judgment, and that the
Defendant should take nothing by his counterclaim.


 IT IS, THEREFORE, ORDERED, ADJUDGED AND
DECREED by the Court that FRANCISCO CALDERONI, the
Plaintiff herein, shall have and recover from the Defendant
herein, WILLIAM (WOODY) LOWERY, actual damages in the
total sum of FOUR THOUSAND SIX HUNDRED THIRTY-SEVEN AND 78/100ths ($4,637.78) DOLLARS; noting that
the sum of ONE THOUSAND SEVEN HUNDRED FIFTY AND
NO/100ths ($1,750.00) DOLLARS had been previously paid
into escrow. . . , pursuant to this Judgment and the
underlying contract at issue, such funds should be paid to
Plaintiff to partially satisfy this Judgment.


The judgment also awarded Calderoni attorney's fees in the amount of
$2,000, and post-judgment interest of ten percent. 

 In order to facilitate enforcement of the judgment, Calderoni served
appellant with a set of interrogatories on July 15, 1997, in the same suit
in which the judgment was rendered. Appellant refused to fully answer
the interrogatories on the ground that he was not the "William Lowery"
against whom the judgment had been rendered. Calderoni then filed a
"Motion to Establish Identity of Defendant and for Compliance with
Post-Judgment Discovery." The trial court heard the motion on
November 18, 1998. At the hearing, appellant testified that he is the
"Woody Lowery" who appeared at the previous trial. However, he
insisted that he appeared and defended the case only in his capacity as
president of Lowery Petroleum. Appellant's name is not "William." 
Appellant is known as "Woody." William Lowery is appellant's elderly
father, who never appeared at the trial, was never served with citation,
never received any interrogatories, and was never president or the
registered agent of Lowery Petroleum. Appellant testified that he
signed the recission agreement as "W.F. Lowery" over the typed name
"William Lowery," but claimed he did so when:

I didn't have any glasses with me. So I asked [my attorney]
what it said, and we discussed it back and forth. Then he
gave it to me and said, "Sign here." So I signed it. I didn't
notice that this was the wrong name there.


 On January 6, 1999, the trial court signed an order stating, in
relevant part, as follows:

 It is, therefore ORDERED, ADJUDGED and DECREED
that the named judgment debtor, Defendant WILLIAM
"WOODY" LOWERY is one and the same person as Woody
Lowery, Woodrow Lowery, Woodrow F. Lowery and W.F.
Lowery and whose home address is 2902 La Costa Ct.,
Harlingen, Texas 78550 and whose business address is 813
N. 77 Sunshine Strip, Harlingen, and whose Texas Driver's
License number is 13065923.


The order further ordered appellant to answer Calderoni's
interrogatories. This appeal ensued. By four issues, appellant claims
the trial court erred in rendering the January 6, 1999 order, establishing
that he is the judgment debtor in the underlying lawsuit. The record
reflects that post-judgment discovery proceedings are ongoing.

B. Jurisdiction


 Texas Rule of Civil Procedure 621a grants broad powers to the trial
court to enforce post-judgment discovery proceedings: 

 At any time after rendition of judgment, and so long as
said judgment has not been suspended by a supersedeas
bond or by order of a proper court and has not become
dormant as provided by Article 3773, V.A.T.S.,(1) the
successful party may, for the purpose of obtaining
information to aid in the enforcement of such judgment,
initiate and maintain in the trial court in the same suit in
which said judgment was rendered any discovery
proceeding authorized by these rules for pre-trial matters. 
Also, at any time after rendition of judgment, either party
may, for the purpose of obtaining information relevant to
motions allowed by Texas Rules of Appellate Procedure 47
and 49(2) initiate and maintain in the trial court in the same
suit in which said judgment was rendered any discovery
proceeding authorized by these rules for pre-trial matters. 
The rules governing and related to such pre-trial discovery
proceedings shall apply in like manner to discovery
proceedings after judgment. The rights herein granted to the
parties shall inure to their successors or assignees, in whole
or in part. Judicial supervision of such discovery
proceedings shall be the same as that provided by law or
these rules for pre-trial discovery and proceedings insofar as
applicable.


Tex. R. Civ. P. 621a (emphasis added).

 This Court has previously held that orders entered in post-judgment discovery proceedings pursuant to rule 621a are not final,
appealable orders:

 Arndt(3) indicates generally the Supreme Court's
acceptance [that] Rule 621a orders . . . are not final or
appealable in themselves. We agree. . . . Were we to allow
every post-judgment order concerning discovery under Rule
621a to be treated as a separate, final and appealable
judgment of the trial court, we would open the door to
numerous separate appeals of the type that are disallowed
as interlocutory in terms of pre-trial discovery orders.

 

Collier Svcs. Corp. V. Salinas, 812 S.W.2d 372, 375 (Tex. App.--Corpus
Christi 1991, orig. proceeding); see also Camp v. McDaniel, 59 F.3d
548, 555 (5th Cir. 1995) (a post-judgment order granting sanctions and
ordering sale of property to satisfy judgment was final and appealable
because it disposed of the only issue before the court: whether the
judgment holder could levy on homestead property). Mandamus is the
appropriate remedy for incorrect post-judgment discovery orders as well
as for incorrect pre-trial discovery orders. See, e.g., Axelson, Inc. v.
McIlhany, 798 S.W.2d 550, 553 (Tex. 1990); General Motors Corp. v.
Lawrence, 651 S.W.2d 732, 733 (Tex. 1983) (mandamus is appropriate
remedy for incorrect discovery rulings). Cf. Gonzales v. Daniel, 854
S.W.2d 253, 255-56 (Tex. App.--Corpus Christi 1993, orig. proceeding)
(mandamus is appropriate remedy for a motion to quash execution,
which is not a final appealable order).

 We conclude the order complained of is not a final appealable
order because it does not dispose of the case before the trial court. The
court rendered the order to facilitate the post-judgment discovery
process. The order does not conclude the process, which from the
record before us, appears to be ongoing. We hold this Court is without
jurisdiction to consider a direct appeal from the trial court's interlocutory
order of January 6, 1999.

 This appeal is dismissed for want of jurisdiction.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

21st day of September, 2000.

1. Article 3773 of Vernon's Annotated Revised Civil Statutes of the State
of Texas is now found in Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (Vernon
Supp. 2000).
2. Now found in Tex. R. App. P. 24.
3. Arndt v. Farris, 633 S.W.2d 497, 500 n. 5 (Tex. 1982).